UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALCHIMIA, INC.,

    Plaintiff,

v.

PETER JACOBSON and MENTOR
CAPITAL ASSOCIATES,

    Defendants.

Civil Action No.

## COMPLAINT FOR DECLARATORY JUDGMENT

### Background

1.    This is an action seeking declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff Alchimia, Inc. seeks to resolve an actual controversy with defendant Peter Jacobson and his company, defendant Mentor Capital Associates ("MCA"), as to Alchimia, Inc.'s rights to a block of stock options that Alchimia, Inc. received as part of a business contract with ViryaNet Ltd. ("ViryaNet"). Alchimia, Inc. requests that this Court issue a declaratory judgment that it is entitled to the entire block of stock options, with the exception of defendants' potential share, equal to five percent of revenue from business with ViryaNet, up to a maximum of $20,000.

### Parties

2.    Plaintiff Alchimia, Inc. is a Massachusetts corporation with a principal place of business at 20 Custom House Street, Boston, Massachusetts.

3. Defendant Peter Jacobson is an individual who resides at 1524 James Road, Wynnewood, Pennsylvania.

4. Defendant MCA is a Pennsylvania company with a principal place of business located at 1524 James Road, Wynnewood, Pennsylvania.

## Jurisdiction and Venue

5. This Court's jurisdiction is founded upon the diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1). Alchimia, Inc. is a Massachusetts corporation, defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000.

6. Venue in this case lies in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.

## Facts

7. In May 2001, Alchimia, Inc. was founded and incorporated by two individuals, Amanda DeBurro and Chris Deren. Alchimia, Inc. is a business providing sales and marketing strategies for emerging businesses. At all relevant times, DeBurro and Deren have been the sole owners of Alchimia, Inc.

8. Later in 2001, DeBurro and Deren met Jacobson, who does business under the MCA company name. DeBurro, Deren (on behalf of Alchimia, Inc.), and Jacobson (on behalf of MCA) entered into a Mutual Affiliate Agreement ("Affiliate Agreement") executed on January 28, 2002, in which they agreed to cooperate in the pursuit and servicing of clients and established how revenues from those clients would be divided.

9. The Affiliate Agreement also envisioned a series of "Joint Marketing and 'Unified Messaging' efforts" in which Alchimia, Inc. and MCA would "offer one 'face' to the

client." An entity called Alchimia Group was later founded by the parties as the marketing and messaging entity envisioned in their Affiliate Agreement.

10. ViryaNet is a company providing workforce management software products and services. It recognized Alchimia, Inc. as a company that could provide assistance in developing new strategic alliances.

11. Other services—envisioned by Deren, DeBurro, and Jacobson as "joint marketing and unified messaging efforts," including strategic corporate development, sales strategy, and capitalization—were presented to ViryaNet. ViryaNet declined these "other" services, opting instead to contract only with Alchimia, Inc. for the purpose of developing new strategic alliances.

12. On June 19, 2002, ViryaNet and Alchimia, Inc. executed a Master Services Agreement ("MSA"), formally commencing a business relationship between these two companies. The MSA provided that Alchimia, Inc.'s payment would come in the form of monthly remuneration, commissions, and/or stock options. It was signed by Chris Deren as President of Alchimia, Inc.

13. Alchimia, Inc. and ViryaNet later agreed on further remuneration for Alchimia, Inc. in an Agreement Letter signed June 9, 2003, by Chris Deren, for Alchimia, Inc. and by Samuel HaCohen for ViryaNet. The Agreement Letter provided that, in addition to monthly remunerations and commissions, ViryaNet would grant Alchimia, Inc. options on 119,336 shares of ViryaNet stock.

14. ViryaNet subsequently granted the stock options in a Warrant to Purchase Ordinary Shares (the "Warrant"), executed in or about February 2004 (with an effective date

- 4 -

of May 14, 2003). The Warrant granted options to Alchimia, Inc. on 119,336 shares at a Warrant Price of $0.581 per share.

15. Neither Jacobson nor his company, MCA, was directly involved in any of the negotiations in which Alchimia, Inc. engaged ViryaNet as a client, and all agreements with ViryaNet were entered into by Alchimia, Inc.

16. Neither Jacobson nor MCA ever provided services to ViryaNet. All such services were provided by Alchimia, Inc. alone, pursuant to the MSA.

17. The only contact, participation, or communication that Jacobson had with ViryaNet was a brief but unsuccessful attempt to negotiate some of the terms of the Warrant. Neither Jacobson nor MCA ever engaged ViryaNet as a client or ever transacted any business with ViryaNet.

18. Under the parties' Affiliate Agreement, where a client is engaged by one entity, and the other performs only a "limited role," the "limited role" party is entitled to 5% of the revenue from that client, up to a maximum of $20,000.

19. In spite of the clear language of the Affiliate Agreement, Jacobson has stated that he believes that he is entitled to one-third of any proceeds from Alchimia, Inc.'s exercise of the stock option Warrant. Moreover, he has threatened litigation on a number of occasions and has repeatedly demanded that the Warrant not be exercised.

20. Alchimia, Inc. has not yet exercised the shares of stock.

## Count I – Declaratory Judgment

21. Alchimia, Inc. realleges and incorporates the allegations in paragraphs 1 through 21 above, as if fully set forth herein.

22.     An actual controversy exists regarding the parties' rights with respect to the ViryaNet stock options.

23.     This dispute has caused, and will continue to cause, substantial threatened loss to Alchimia, Inc. A declaratory judgment in this matter is appropriate because it will serve a useful purpose in clarifying and settling the legal relations in issue, and it will terminate and afford relief from the uncertainty, insecurity, and controversy between the parties.

## Prayer for Relief

WHEREFORE, Alchimia, Inc. demands a judgment in its favor and against Jacobson as follows:

(a)     Declaring that defendants are collectively entitled to no more than 5%, up to a maximum of $20,000, of all revenues received by Alchimia, Inc. from ViryaNet under the Warrant and MSA;

(b)     Awarding Alchimia, Inc. all the costs of this action, including reasonable attorneys' fees, and;

(c)     Ordering such other relief as the Court deems just and proper.

Respectfully submitted,

ALCHIMIA, INC.

By its attorneys,

_/s/ Thomas W. Aylesworth_
Thomas W. Aylesworth (BBO #630994)
Tristan Cameron Snell (BBO #657203)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston MA 02210-2604
(617) 439-2000

Dated: September 1, 2004

1341060.1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alchimia, Inc.

## DEFENDANTS
Peter Jacobson and
Mentor Capital Associates

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Delaware County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas W. Aylesworth, Esq.
Nutter McClennen & Fish LLP   617-439-2000
155 Seaport Boulevard, Boston, MA 02210

ATTORNEYS (IF KNOWN)
Robert A. Burke, Esq.
Blank Rome LLP   215-569-5606
One Logan Square
18th & Cherry Streets, Philadelphia, PA 19103

04 11908

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. 2201, 28 U.S.C. 1332(a)(1)
Seeking declaratory judgment to resolve controversy over rights to stock options

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 9/1/04

SIGNATURE OF ATTORNEY OF RECORD: Thomas W. Aylesworth

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Alchimia, Inc. v. Jacobson__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas W. Aylesworth__
ADDRESS __Nutter McClennen & Fish, LLP, 155 Seaport Boulevard, Boston, MA 02210-2604__
TELEPHONE NO. __617 439-2000__

(Cover sheet local.wpd - 11/27/00)