UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALCHIMIA, INC.,                                    )<br>                                                           )<br>        Plaintiff and Counterclaim         )<br>        Defendant,                                 )<br>                                                           )<br>    v.                                                   )<br>                                                           )<br>PETER JACOBSON and MENTOR    )<br>CAPITAL ASSOCIATES,                     )<br>                                                           )<br>        Defendants and Counterclaim    )<br>        Plaintiffs.                                    ) | Civil Action No. 04-11908 DPW |

**ANSWER OF DEFENDANTS PETER JACOBSON AND MENTOR CAPITAL ASSOCIATES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL**

Defendants, Peter Jacobson and Mentor Capital Associates' ("MCA") (hereinafter collectively "Defendants") by and through counsel, hereby answer the Complaint for Declaratory Judgment of Plaintiff, Alchimia, Inc. ("Plaintiff") as follows:

1.      The allegations set forth in paragraph 1 of Plaintiff's Complaint for Declaratory Judgment are not directed towards Defendants.  To the extent the allegations set forth in paragraph 1 may be deemed as directed towards Defendants, those allegations are specifically denied.

2.      Defendants admit the allegations set forth in paragraph 2 of Plaintiff's Complaint for Declaratory Judgment.

3.  Defendants deny the allegations set forth in paragraph 3 of Plaintiff's Complaint for Declaratory Judgment, except to admit that defendant Peter Jacobson is an individual who resides at 1401 Hillside Road, Wynnewood, Pennsylvania.

4.  Defendants deny the allegations set forth in paragraph 4 of Plaintiff's Complaint for Declaratory Judgment.

5.  Defendants admit the allegations set forth in paragraph 5 of Plaintiff's Complaint for Declaratory Judgment.

6.  Defendants admit the allegations set forth in paragraph 6 of Plaintiff's Complaint for Declaratory Judgment that venue is proper in this Court, but Defendants deny the remaining allegations.

7.  Defendants deny information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint for Declaratory Judgment. As such, these allegations are denied.

8.  Defendants deny the allegations set forth in paragraph 8 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the Mutual Affiliate Agreement was entered into and the terms of the Mutual Affiliate Agreement speak for themselves.

9.  Defendants deny the allegations set forth in paragraph 9 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the Mutual Affiliate Agreement was entered into and that the terms of the Mutual Affiliate Agreement speak for themselves.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiff's Complaint for Declaratory Judgment, except to admit that ViryaNet is a company providing workforce management software products and services.

11. Defendants deny the allegations set forth in paragraph 11 of Plaintiff's Complaint for Declaratory Judgment.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the Master Services Agreement was entered into and that the terms of the Master Services Agreement speak for themselves.

13. Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the referenced June 9, 2003 letter speaks for itself.

14. Defendants deny the allegations set forth in paragraph 14 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the Warrant to Purchase Ordinary Shares speaks for itself.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint for Declaratory Judgment.

16. Defendants deny the allegations set forth in paragraph 16 of Plaintiff's Complaint for Declaratory Judgment.

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint for Declaratory Judgment.

18. Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint for Declaratory Judgment, except to admit that the terms of the Mutual Affiliate Agreement speak for themselves.

19. Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint for Declaratory Judgment, except to admit that Plaintiff breached the terms of the Mutual Affiliate Agreement.

20. Defendants deny information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint for Declaratory Judgment. As such, these allegations are denied.

## Count I – Declaratory Judgment

21. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 20, as if fully set forth at length herein.

22. Defendants admit the allegations set forth in paragraph 22 of Plaintiff's Complaint for Declaratory Judgment.

23. Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Complaint for Declaratory Judgment.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint for Declaratory Judgment fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the equitable doctrines of waiver, laches, and estoppel.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff's claims are barred by the statute of frauds, the applicable statute of limitations, and the parole evidence rule.

WHEREFORE, Defendants demand that this Court enter judgment in their favor and against Plaintiff, dismissing the Complaint with prejudice and awarding Defendants costs of suit and defense, including attorneys' fees and costs.

## COUNTERCLAIM AND JURY DEMAND

Defendants, by and through their counsel, hereby state the following counterclaim against Plaintiff, and aver as follows:

### Parties

1. Counterclaim Plaintiff, Peter Jacobson ("Jacobson"), is an individual who resides at 1401 Hillside Road, Wynnewood, Pennsylvania.

2. Counterclaim Plaintiff Mentor Capital Associates ("MCA," and, collectively with Jacobson, the "Defendants"), is a name under which Jacobson conducts business from time to time.

3. Counterclaim Defendant Alchimia, Inc. ("Alchimia" or "Plaintiff") is a Massachusetts corporation with a principal place of business at 20 Custom House Street, Boston, Massachusetts.

### Jurisdiction and Venue

4. This Court's jurisdiction for the Counterclaim is founded upon the diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy in this Counterclaim exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue in this case is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(3).

**Facts**

6.     Defendants hereby incorporate by reference their previous responses to the allegations set forth in Plaintiff's Complaint for Declaratory Judgment, as if set forth at length herein.

7.     The Plaintiff and Defendants (the "Parties") entered into the Mutual Affiliate Agreement ("Affiliate Agreement"), effective on or about January 28, 2002, in which they agreed to co-operate in the pursuit of various prospective clients.

8.     The Affiliate Agreement clearly defined the Parties' intention that the Parties would work together to generate new business for either party and where relevant to work together on certain opportunities. The Affiliate Agreement further specified the remuneration terms for such efforts at generating business for either party.

9.     The Affiliate Agreement clearly defined client engagement scenarios ("Engagement Scenarios") for the explicitly recorded purpose of providing the Parties with a meaningful incentive to share leads, to leverage each others skills to attract and close new business, and to increase the likelihood of pursuing potential revenue opportunities from within each Parties' respective networks.

10.    The Affiliate Agreement clearly defines in Clause IV an Engagement Scenario whereby the Parties pursue a new client opportunity together.

11.    In Clause IV.ii, the Affiliate Agreement recognizes that if the client elects to engage with only one of the Parties, then the party not being engaged would be compensated in a meaningful manner.

12. ViryaNet, Inc., is a company providing workforce management software products and services. The company had no prior business relationship with any of the Parties.

13. The Parties jointly pursued ViryaNet as a potential source of opportunity for either party or all Parties, pursuant to clause IV.ii of the Affiliate Agreement.

14. The Parties were successful in closing a business engagement with ViryaNet.

15. Jacobson played a significant role in guiding the establishment of viable deal terms, including being the architect of an equity formula that allowed the Parties to accumulate a significant amount of equity independently of whether they achieved any of the successes expected of them in the contract.

16. Through their conduct, the Plaintiff and Defendants ratified the ViryaNet Engagement Scenario as being subject to Clause IV.ii. Defendants acknowledged that Jacobson is entitled to 15% of the Monthly Fee, 15% of the Equity, and 10% of the success fees paid to Alchimia Inc., pursuant to clause IV.ii.

17. Jacobson has demanded payment of amounts owing under clause IV.ii. Alchimia has refused to pay.

18. From August 2003 until December 2003, Jacobson was actively involved in negotiating on behalf of the Parties with the Chairman of ViryaNet, in order to get ViryaNet to issue the shares that were due to the Parties. Jacobson made significant progress in this regard and ultimately achieved many key concessions from ViryaNet.

19. In December 2003, ViryaNet reverted to a previous position as part of its negotiating tactics. Against the advice and instructions of Jacobson and retained legal counsel who had represented the Parties in this transaction, Deren acted against the interests of the

Parties by signing ViryaNet's warrant agreement that contained a lock-up period. Due to this lock-up, the Parties were unable to take advantage of the share price being in the $6.55 range.

20. Defendants are entitled to damages including, but not limited to, 15% of all monthly fees paid to Alchimia Inc. in 2003; amounts outstanding for 2002; 15% of 119,933 shares of ViryaNet and/or the value thereof; 10% of Success Fee payable to Alchimia; and legal fees incurred in defending this action.

## COUNT I
### (Breach of Contract)

21. Defendants hereby incorporate by reference the allegations set forth in the previous paragraphs of this Counterclaim, as is fully set forth at length herein.

22. As a result of Plaintiff's conduct, Plaintiff breached the terms of the Mutual Affiliate Agreement.

23. As a direct and proximate result of Plaintiff's breach, Defendants have suffered, and continue to suffer, damages in excess of $75,000.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff in an amount to be demonstrated at trial and that the Court award such other relief as the Court may deem just and proper, including but not limited to, all costs, including attorneys fees.

## DEMAND FOR A TRIAL BY JURY

Defendants, by and through their attorneys, hereby demand a trial by jury on all issues and claims so triable.

MENTOR CAPITAL ASSOCIATES and
PETER JACOBSON,
By their attorneys,

/s/Edward W. Little, Jr.
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Edward W. Little, Jr., BBO # 628985
elittle@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

DATED:  December 3, 2004


## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the Answer of Defendants Peter Jacobson and Mentor Capital Associates to Plaintiffs' Complaint for Declaratory Judgment, Counterclaim, and Demand for Jury Trial was served upon the attorneys of record for each party electronically as follows:

Thomas W. Aylesworth; taylesworth@nutter.com

Tristan C. Snell; tsnell@nutter.com

By:   /s/Edward W. Little, Jr.

Date:   December 3, 2004