UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALCHIMIA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PETER JACOBSON and MENTOR CAPITAL ASSOCIATES,<br><br>    Defendants. | Civil Action No. 04-11908-DPW |

### PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIM

Plaintiff Alchimia, Inc. hereby replies to the correspondingly numbered paragraphs in the counterclaim of defendants Peter Jacobson and Mentor Capital Associates as follows:

#### Parties

1. Plaintiff is without sufficient knowledge or information to form a belief as to the averments in paragraph 1 of the counterclaim.

2. Plaintiff is without sufficient knowledge or information to form a belief as to the averments in paragraph 2 of the counterclaim.

3. Plaintiff admits the averments of paragraph 3 of the counterclaim.

#### Jurisdiction and Venue

4. Plaintiff admits the averments of paragraph 4 of the counterclaim.

5. Plaintiff admits the averments of paragraph 5 of the counterclaim.

## Facts

6.  Plaintiff incorporates by reference its responses to paragraphs 1-5 above.

7.  Plaintiff admits the averment of paragraph 7 of the counterclaim that the parties entered into the Mutual Affiliate Agreement on or about January 28, 2002. The remaining averments in paragraph 7 characterize the Mutual Affiliate Agreement and are therefore denied to the extent they are inconsistent with the terms of that agreement.

8.  The averments in paragraph 8 characterize the Mutual Affiliate Agreement and are therefore denied to the extent they are inconsistent with the terms of that agreement.

9.  The averments in paragraph 9 characterize the Mutual Affiliate Agreement and are therefore denied to the extent they are inconsistent with the terms of that agreement.

10. The averments in paragraph 10 characterize the Mutual Affiliate Agreement and are therefore denied to the extent they are inconsistent with the terms of that agreement.

11. The averments in paragraph 11 characterize the Mutual Affiliate Agreement and are therefore denied to the extent they are inconsistent with the terms of that agreement.

12. Plaintiff admits the averments of paragraph 12 of the counterclaim to the extent that it describes ViryaNet but denies the remaining averments as vague regarding the time period.

13. Plaintiff denies the averments of paragraph 13 of the counterclaim.

14. Plaintiff admits the averment in paragraph 14 that it was successful in closing a business engagement with ViryaNet but denies that Jacobson had a positive role in that success.

15. Plaintiff denies the averments of paragraph 15 of the counterclaim.

16. Plaintiff denies the averments of paragraph 16 of the counterclaim.

17. Plaintiff admits the averments of paragraph 17 of the counterclaim but denies any implication that Jacobson is entitled to the payment he demanded.

18. Plaintiff denies the averments of paragraph 18 of the counterclaim.

19. Plaintiff denies the averments of paragraph 19 of the counterclaim.

20. Plaintiff denies the averments of paragraph 20 of the counterclaim.

## Count I
### (Breach of Contract)

21. Plaintiff incorporates by reference its responses to paragraphs 1-20 above.

22. Plaintiff denies the averments of paragraph 22 of the counterclaim.

23. Plaintiff denies the averments of paragraph 23 of the counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants' counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants' counterclaim is barred by the doctrine of unclean hands.

### Third Affirmative Defense

Defendants' counterclaim is barred by the parole evidence rule.

### Fourth Affirmative Defense

Defendants' counterclaim is barred due to their own breaches of contract.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and claims so triable.

- 4 -

                          **Respectfully submitted,**

                          **ALCHIMIA, INC.**

                          **By its attorneys,**

                          **/s/ Tristan Cameron Snell**  
                          **Thomas W. Aylesworth (BBO #630994)**  
                          **Tristan Cameron Snell (BBO #657203)**  
                          **Nutter McClennen & Fish LLP**  
                          **World Trade Center West**  
                          **155 Seaport Boulevard**  
                          **Boston MA 02210-2604**  
                          **(617) 439-2000**

**Dated: December 22, 2004**

**1385131.2**