UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALCHIMIA, INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**PETER JACOBSON and MENTOR CAPITAL ASSOCIATES,**<br><br>    **Defendants.** | **Civil Action No. 04-11908-DPW** |

**PLAINTIFF'S BRIEF WITH RESPECT TO SUBJECT MATTER JURISDICTION**

Pursuant to the Court's request during the Scheduling Conference of January 11, 2005, plaintiff Alchimia, Inc. submits this brief with respect to subject matter jurisdiction in this case under 28 U.S.C. § 1332.

**Argument**

Federal diversity jurisdiction requires that the amount in controversy exceed "the sum or value of $75,000." 28 U.S.C. § 1332(a). When examining the amount in controversy requirement, "the plaintiff's complaint controls if it is asserted in good faith." *In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 370 (D. Me. 1999). Alternatively, "dismissal is only justified if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Richard C. Young & Co. v. Leventhal*, 298 F. Supp. 2d 160, 170 (D. Mass. 2003), *vacated on other grounds by* 389 F.3d 1 (1st Cir. 2004) (quoting *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Thus, the plaintiff's complaint controls with

respect to establishing jurisdiction unless it appears legally impossible for the value of the claim to exceed $75,000.

As for determining the value of plaintiff's claim for declaratory judgment, the Court should start with considering the value of the object of the litigation from the plaintiff's perspective. *Young*, 298 F. Supp. 2d at 170. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Id.* (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48, (1977)). That value is determined "by assessing the value to the plaintiffs of conducting their affairs free from the restriction or imposition which they seek to restrain." *Id.* (quoting *Ferris v. General Dynamics Corp.*, 645 F. Supp. 1354, 1362 (D.R.I. 1986)).[1]

Here, the object of the litigation as stated in Alchimia's Complaint is the block of ViryaNet stock options—worth $291,060.50 as of the date of the filing of the Complaint.[2] The Complaint begins by declaring that "Alchimia, Inc. requests that this Court issue a declaratory judgment that it is entitled to *the entire block of stock options*, with the exception of defendants' potential share." (Compl. ¶ 1) (emphasis added). Thus, Alchimia is seeking to possess the stock options "free from the restriction or imposition" of defendants' claim (which itself is greater than $75,000) to those options. Accordingly, Alchimia's request that the Court declare $20,000 as the ceiling for defendants' possible share of the ViryaNet stock means that

---

[1] There is a controversy as to whether the jurisdictional amount may be established by a compulsory counterclaim. *See* Wright and Miller, *Federal Practice and Procedure*, § 3706 (1998). However, allowing the defendant's compulsory counterclaim to serve as a basis for jurisdiction is advised because it would avoid the "circuitous procedure" that would result if the parties simply reversed roles to establish jurisdiction. *Id.*

[2] The amount in controversy is measured from the time of the filing of the complaint. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001). Here the Complaint was filed on September 1, 2004. The closing price of ViryaNet, Ltd. on September 1, 2004, was $2.439 per share. (*See* Affidavit of Tristan Cameron Snell, attached as Exhibit 1). The Warrant provides Alchimia, Inc. with the option to purchase 119,336 shares of ViryaNet. (Compl. ¶ 14). Therefore, at $2.439 per share, the total value of the Warrant as of the filing of the Complaint is $291.060.50.

**Alchimia is seeking the free enjoyment of the remaining $271,060.50 worth of options. This is the value of the case to Alchimia, and because it exceeds $75,000, the amount in controversy requirement is met.**

## Conclusion

For all of the foregoing reasons, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied, and federal subject matter jurisdiction attaches to this case.

    Respectfully submitted,

    ALCHIMIA, INC.

    By its attorneys,

    /s/ Tristan Cameron Snell
    Thomas W. Aylesworth (BBO #630994)
    Tristan Cameron Snell (BBO #657203)
    Nutter McClennen & Fish LLP
    World Trade Center West
    155 Seaport Boulevard
    Boston MA 02210-2604
    (617) 439-2000

Dated: January 25, 2005

1396316.2